The opinion of the court was delivered by
PXobnblowee, C. J.
This was an action of covenant, brought by Rosevelt and Hoff, who are now the defendants in error, against Alfred Walling, Joseph Sproul, and Samuel Sproul, upon articles of agreement, set forth in the declaration; by which articles, Rosevelt and Ploff, had agreed to build a ves *44 sel, or sloop, of certain dimensions, &c. for the defendants; and the defendants were to make payments, in the manner set forth in the articles of agreement. The 1st. and 2d. payments had been made according to contract.; the 3d. payment was to be made when the vessel should be “ planked ; ” and the plaintiffs having thus far completed her, brought this action to recover the stipulated sum. The defendants pleaded non est factum, and nonperformance by the plaintiffs, of the condition precedent; upon each of which pleas, issue was joined. On the trial of the cause, the plaintiffs gave in evidence, among other things, the admissions of Walling, one of the defendants, that the vessel had been thus far built and planked according to contract; that he was satisfied with her; and was willing to pay, &c., but that his co-defendants were not.' The plaintiffs having rested, the defendants offered to read in evidence, after proving the signatures, three several receipts given by the plaintiffs to Joseph Sproul, one of the defendants, for moneys paid by him on account of the first and second instalments, for building the vessel in question; in. one of which receipts, it was stated, that Joseph Sproul was the owner of three-quarters of the vessel. These receipts were offered in evidence, as stated by the counsel for the defendants below, to shew that Walling, whose admissions had been proved and relied on by the plaintiffs, owned but an inconsiderable portion of the vessel, and that therefore, his co-defendants ought not to be prejudiced by his admissions; and also to prove that the first and 2d. instalments had been paid. The defendants by their counsel, objected to the admission of this evidence, and the objection was sustained by the court; and in doing so, they are supposed to have committed an error. But I think otherwise. The receipts were certainly irrelevant, so far as they were offered to prove that the first and second payments had been made. Whether those payments had been made or not, was a matter not only, not in issue, but it was expressly admitted in the pleadings, that the 1st. and 2d. instalments had been paid. The only object then for which the receipts could have been offered, must have been to shew the extent of Walling’s interest in the vessel* and for that purpose, they were clearly inadmissible. The extent of Walling’s liability to the plaintiffs, did not depend upon the quantity of interest he had in the vessel. He was not only a *45 co-defendant in this suit, but a joint-covenantor, and equally liable with his co-defendants, to the whole extent of the plaintiffs’ claim. If in that action, he could only have been liable in proportion to the amount of his share in the sloop, then, whether his share had been more or less, his admissions would only have affected himself, and would have been no evidence against his co-defendants. But that was not the case. Whatever may have been his share in the vessel, his interest and liability in the suit, was co-extensive with that of the other defendants; and nothing is more familiar to us, or better settled, as a rule of law, than the general principle, that the acknowledgment of one co-partner, or joint-debtor, is good evidence against all of them. ( Whitcomb v. Whiting, Dougl. 652, in Dublin Ed. 629. Jackson v. Fairbank, 2 Hen. Bl. 340. Vicary’s Case, Gilb. Evid. 51. Perry v. Jackson, 4 T. R. 516. Perham v. Raynal and al. 2 Bingh. R. 306.) Indeed, this rule has been extended even to the case of joint-trespassers, (Rex v. Inhabitants of Hardwick, 11 East, 584,) not, it is true, that the admissions of one defendant, will prove the others to be trespassers ; but if they be established to be co-trespassers, by other competent testimony, the declarations of one, as to the motives and circumstances of the trespass, will be evidence against all who are proved to have combined together for the common object. It will not do to say, that the admissions of one partner, or joint-debtor, are to have more or less influence on his co-defendants, in proportion to his interest in the subject matter of the joint-contract. If he is liable to the plaintiff, to the same extent, that his co-defendants are, the extent to which they are bound by his admissions, cannot be measured or graduated by the quantity of h-is interest in the contract. There is however one point of view, in which it might have been competent for the defendants to have shewn that Walling was but nominally, or to a small amount, as between him and his co-defendants, interested in the sloop.
If for instance, the defendants had given, or offered to give any evidence of fraud and collusion, between the plaintiffs and Walling, then the nominal or limited extent of his interest in the vessel, might have been an additional circumstance, in proof of such fraud. But whether it would even under such circumstances, or not, be competent evidence, it is unnecessary to decide, since *46 there is nothing on this record to shew, that fraud or collusion was proved, or attempted to be proved. The Judgment must therefore be affirmed.
For]} and Ryerson, Justices, concurred.

Judgment affirmed.